IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORVILLE MEAUX,<br><br>      Plaintiff,<br><br>  v.<br><br>NORTHWEST AIRLINES, INC., a Delaware Corporation; PROFESSIONAL FLIGHT ATTENDANTS ASSOCIATION, a labor organization; TRANSPORT WORKERS UNION, a labor organization; ASSOCIATION OF FLIGHT ATTENDANTS-COMMUNICATIONS WORKERS OF AMERICA, a labor organization; and DOES 1 to 20 inclusive,<br><br>      Defendants.<br>_____/ | No. C 09-02447 CW<br><br>ORDER GRANTING DEFENDANT NORTHWEST'S MOTION TO DISMISS (Docket No. 8) |

Plaintiff Orville Meaux brings this lawsuit alleging a claim against Defendant Northwest Airlines, Inc. for wrongful discharge in breach of the collective bargaining agreement, and a claim for breach of the duty of fair representation against Defendants Professional Flight Attendants Association (PFAA), Transport Workers Union (TWU) and Association of Flight Attendants - Communications Workers of America (AFA-CWA) (collectively, the Union). Northwest moves to dismiss the claim against it pursuant to the bankruptcy discharge injunction it received in its Bankruptcy Case No. 05-17930 (S.D.N.Y. May 18, 2007). Plaintiff

opposes the motion. The matter was heard on September 24, 2009. Having considered all of the papers filed by the parties and oral argument on the motion, the Court grants Northwest's motion.

BACKGROUND

The following facts are taken from Plaintiff's complaint and the documents of which the Court takes judicial notice.[1] In June, 2004, Plaintiff filed a complaint against Northwest in San Francisco Superior Court, alleging causes of action for breach of contract, discrimination, retaliation and harassment based on Northwest's termination of Plaintiff's employment as a senior flight attendant. Northwest removed Plaintiff's complaint to this Court, Meaux v. Northwest Airlines, et al., Case No. C 04-04444 CW. On or about August 26, 2005, Northwest filed a motion for summary judgment in Case No. C 04-04444 CW. Plaintiff did not file an opposition. On September 14, 2005, Northwest filed for bankruptcy protection under Chapter 11 of the Bankruptcy Code, and accordingly, this Court stayed Case No. C 04-04444 CW. In Northwest's bankruptcy case, the court issued a discharge injunction with an effective date of May 31, 2007. The discharge injunction barred all claims arising before May 31, 2007. On May 18, 2009, the bankruptcy court modified Northwest's discharge injunction for the sole purpose of permitting Plaintiff to pursue Case No. C 04-04444 CW (May 18, 2009 Modification Order). However, Plaintiff has not taken any action in Case No. C 04-04444 CW.

Meanwhile, in June, 2008, Plaintiff's grievance arbitration for unjust discipline and termination took place in accordance with

---

[1] The Court grants Plaintiff's and Northwest's requests for judicial notice (Docket Nos. 12 & 15).

2

1 the collective bargaining agreement. On or after December 4, 2008,
2 the arbitrators denied Plaintiff's grievance. Plaintiff filed this
3 suit on June 3, 2009. Northwest moves to dismiss the claim against
4 it on the ground that it is in violation of the discharge
5 injunction and the May 18, 2009 Modification Order.

## DISCUSSION

I. Discharge Injunction

Northwest argues that Plaintiff's claim against it arose at the time of his termination of employment on January 26, 2004, and therefore, this lawsuit was filed in violation of the bankruptcy discharge injunction. Plaintiff contends that his claim did not accrue until December 4, 2008, the day the arbitration board issued its written decision and, therefore, it is a post-petition claim that is not subject to the discharge injunction.

Confirmation of a debtor's bankruptcy plan discharges debts arising prior to the date of confirmation. 11 U.S.C. § 1141(d). Accordingly, Plaintiff's claim would survive the discharge injunction only if it arose subsequent to the effective date of May 31, 2007. The Ninth Circuit has explained that whether section 1141(d) discharges a claim hinges upon when the alleged misconduct occurred. O'Loghlin v. County of Orange, 229 F.3d 871, 874-75 (9th Cir. 2000). Plaintiff's claim against Northwest arose on January 26, 2004, the date of his termination, not, as he claims, on the date of the arbitration board's decision against him. Thus, the claim is barred by the discharge injunction.

Plaintiff suggests that, because he must prove a claim against the Union in order to sue Northwest, and he couldn't sue the Union until he had exhausted his collective bargaining agreement

remedies, he may now bring a new hybrid action against both, and this constitutes a new claim arising on December 4, 2008. A claim against an employer for breach of a collective bargaining agreement combined with a claim against a union for breaching the duty of fair representation is sometimes called a hybrid action. However, although the two claims in a hybrid action are "inextricably interdependent," such a suit comprises two causes of action. DelCostello v. Int'l Bhd. of Teamsters et al., 462 U.S. 151, 164 (1983). An employee may bring suit against either the employer or the union singly, or against both, even though the case the employee must prove is the same whether he sues one, the other, or both. Id. at 165. Therefore, Plaintiff's suit against the Union does not rescue his claim against Northwest from the bar of the discharge injunction.

II. Section 1113(f)

Plaintiff argues that, even if his claim arose prior to Northwest's bankruptcy, it can still be adjudicated in this Court because section 1113(f) of the Bankruptcy Code excludes a dispute involving collective bargaining agreement rights from the automatic stay. Plaintiff misconstrues section 1113(f).

Section 1113(f) only applies to those instances where a debtor unilaterally terminates or alters a provision of a collective bargaining agreement. In re Ionosphere Clubs, Inc., 922 F.2d 984, 992 (2d Cir. 1990). Here, Northwest complied with the collective bargaining agreement by arbitrating Plaintiff's dispute. Therefore, section 1113(f) does not apply.

CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant

4

Northwest's motion to dismiss (Docket No. 8). The Court GRANTS the parties' requests for judicial notice (Docket Nos. 12 & 15). The claim against Northwest in this lawsuit is dismissed with prejudice because amendment would be futile. Although Plaintiff is barred from bringing a new claim against Northwest, he may pursue Case No. C 04-04444 CW against Northwest pursuant to the May 19, 2009 Modification Order. Plaintiff may also pursue his claim against the Union in this case for its alleged breach of the duty of fair representation during the arbitration.

The Court consolidates this case with Case No. C 04-4444 CW, which was administratively re-opened on October 2, 2009. At the hearing, the Court gave Plaintiff 120 days to serve all other Union Defendants and Defendant TWU. TWU was represented by counsel at the hearing and, on the record, agreed to accept service by mail. Defendant TWU and the other Union Defendants may file an answer or motion to dismiss in this case by November 5, 2009. Defendant Northwest may file a new motion for summary judgment in Case No. C 04-4444 CW by November 12, 2009. Plaintiff must file his oppositions to both motions by December 3, 2009. Defendants must file their replies in support of both motions by December 17, 2009. The Court will take the matters under submission on the pleadings or set a hearing if necessary. A case management conference is scheduled for April 20, 2010 at 2:00 p.m.

IT IS SO ORDERED.

Dated: 10/16/09

CLAUDIA WILKEN
United States District Judge
United States District Court / For the Northern District of California