1  LORI A. BOWMAN, State Bar No. 114664
   lori.bowman@ogletreedeakins.com
2  LINDA S. GOLDMAN, State Bar No. 193419
   linda.goldman@ogletreedeakins.com
3  OGLETREE, DEAKINS, NASH,
   SMOAK & STEWART, P.C.
4  633 West Fifth Street, 53rd Floor
   Los Angeles, California 90071
5  Telephone:    (213) 239-9800
   Facsimile:    (213) 239-9045
6
   Attorneys for Defendant
7  NORTHWEST AIRLINES, INC.

8
   **UNITED STATES DISTRICT COURT**
9
   **NORTHERN DISTRICT OF CALIFORNIA**
10

11  ORVILLE MEAUX,                        | Case No. C 04-04444 CW

12                 Plaintiff,             | **STIPULATED PROTECTIVE ORDER**

13       v.

14  NORTHWEST AIRLINES, INC., DOES 1-     | Trial Date:    None
15  10, Inclusive,

16                 Defendants.

17

18

19

20

21

22

23

24

25

26

27

28

CASE NO. C 04-04444 CW

1   **1.    PURPOSES AND LIMITATIONS**

2        Disclosure and discovery activity in this action are likely to involve production of

3   confidential, proprietary, or private information for which special protection from public

4   disclosure and from use for any purpose other than prosecuting this litigation would be

5   warranted.  Accordingly, the parties hereby stipulate to and petition the court to enter the

6   following Stipulated Protective Order.  The parties acknowledge that this Order does not

7   confer blanket protections on all disclosures or responses to discovery and that the

8   protection it affords extends only to the limited information or items that are entitled under

9   the applicable legal principles to treatment as confidential.  The parties further

10  acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates

11  no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth

12  the procedures that must be followed and reflects the standards that will be applied when a

13  party seeks permission from the court to file material under seal.

14  **2.    DEFINITIONS**

15       2.1    Party:  any party to this action, including all of its officers, directors,

16  employees, consultants, retained experts, and outside counsel (and their support staff).

17       2.2    Disclosure or Discovery Material:  all items or information, regardless of the

18  medium or manner generated, stored, or maintained (including, among other things,

19  testimony, transcripts, or tangible things) that are produced or generated in disclosures or

20  responses to discovery in this matter.

21       2.3    "Confidential" Information or Items:  information (regardless of how

22  generated, stored or maintained) or tangible things that qualify for protection under

23  standards developed under F.R.Civ.P.  26(c).

24       2.4    Receiving Party:  a Party that receives Disclosure or Discovery Material from

25  a Producing Party.

26       2.5    Producing Party:  a Party or non-party that produces Disclosure or Discovery

27  Material in this action.

28       2.6    Designating Party:  a Party or non-party that designates information or items

7838831_1

                                                            1                 CASE NO. C 04-04444 CW

1  that it produces in disclosures or in responses to discovery as "Confidential."

2      2.7    Protected Material:  any Disclosure or Discovery Material that is designated

3  as "Confidential."

4      2.8    Counsel (without qualifier):  Outside Counsel and House Counsel (as well as

5  their support staffs).

6      2.9    Expert:  a person with specialized knowledge or experience in a matter

7  pertinent to the litigation who has been retained by a Party or its counsel to serve as an

8  expert witness or as a consultant in this action and who is not a past or a current employee

9  of a Party or of a competitor of a Party's and who, at the time of retention, is not anticipated

10  to become an employee of a Party or a competitor of a Party's.  This definition includes a

11  professional jury or trial consultant retained in connection with this litigation.

12      2.10   Professional Vendors:  persons or entities that provide litigation support

13  services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations;

14  organizing, storing, retrieving data in any form or medium; etc.) and their employees and

15  subcontractors.

16  **3.    SCOPE**

17      The protections conferred by this Stipulation and Order cover not only Protected

18  Material (as defined above), but also any information copied or extracted therefrom, as well

19  as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations,

20  or presentations by parties or counsel to or in court or in other settings that might reveal

21  Protected Material.

22  **4.    DURATION**

23      Even after the termination of this litigation, the confidentiality obligations imposed

24  by this Order shall remain in effect until a Designating Party agrees otherwise in writing or

25  a court order otherwise directs.

26  **5.    DESIGNATING PROTECTED MATERIAL**

27      5.1    Exercise of Restraint and Care in Designating Material for Protection.  Each

28  Party or non-party that designates information or items for protection under this Order must

1  take care to limit any such designation to specific material that qualifies under the

2  appropriate standards.  A Designating Party must take care to designate for protection only

3  those parts of material, documents, items, or oral or written communications that qualify –

4  so that other portions of the material, documents, items, or communications for which

5  protection is not warranted are not swept unjustifiably within the ambit of this Order.

6  Mass, indiscriminate, or routinized designations are prohibited.  Designations that

7  are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to

8  unnecessarily encumber or retard the case development process, or to impose unnecessary

9  expenses and burdens on other parties), expose the Designating Party to sanctions.

10  If it comes to a Party's or a non-party's attention that information or items that it

11  designated for protection do not qualify for protection at all, or do not qualify for the level

12  of protection initially asserted, that Party or non-party must promptly notify all other parties

13  that it is withdrawing the mistaken designation.

14  5.2    Manner and Timing of Designations.  Except as otherwise provided in this

15  Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or

16  ordered, material that qualifies for protection under this Order must be clearly so designated

17  before the material is disclosed or produced.

18  Designation in conformity with this Order requires:

19  (a)    for information in documentary form (apart from transcripts of

20  depositions or other pretrial or trial proceedings), that the Producing Party affix the legend

21  "CONFIDENTIAL" at the top of each page that contains protected material.

22  A Party or non-party that makes original documents or materials available for

23  inspection need not designate them for protection until after the inspecting Party has

24  indicated which material it would like copied and produced.  During the inspection and

25  before the designation, all of the material made available for inspection shall be deemed

26  "CONFIDENTIAL."  After the inspecting Party has identified the documents it wants

27  copied and produced, the Producing Party must determine which documents, or portions

28  thereof, qualify for protection under this Order, then, before producing the specified

7838831_1

documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL") at the top of each page that contains Protected Material.

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony. When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 20 days to identify the specific portions of the testimony as to which protection is sought. Only those portions of the testimony that are appropriately designated for protection within the 20 days shall be covered by the provisions of this Stipulated Protective Order.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL," as instructed by the Party or non-party offering or sponsoring the witness or presenting the testimony.

(c) for information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions.

5.3 Inadvertent Failures to Designate. If corrected, an inadvertent failure to designate qualified information or items as "Confidential" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "Confidential" after the material was initially produced, the Receiving Party, on notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 6.   **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1    Timing of Challenges.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    Meet and Confer.  A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Party.  In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

6.3    Judicial Intervention.  A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge.  Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

CASE NO. C 04-04444 CW
STIPULATED PROTECTIVE ORDER

7838831_1

**7.      ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1     <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a)      the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have reviewed and agreed to be bound by this Stipulation;

(b)      the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have reviewed and agreed to be bound by this Stipulation;

(c)      experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d)      the Court and its personnel;

(e)      court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have reviewed and agreed to be bound by this Stipulation;

(f)      during their depositions, third party witnesses in the action to whom

7838831_1

1 disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by

2 Protective Order" (Exhibit A). Pages of transcribed deposition testimony or exhibits to

3 depositions that reveal Protected Material must be separately bound by the court reporter

4 and may not be disclosed to anyone except as permitted under this Stipulated Protective

5 Order.

6                 (g)     the author of the document or the original source of the information

7 **8.     <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN

8 OTHER LITIGATION.</u>**

9       If a Receiving Party is served with a subpoena or an order issued in other litigation

10 that would compel disclosure of any information or items designated in this action as

11 "CONFIDENTIAL," the Receiving Party must so notify the Designating Party, in writing

12 (by fax, if possible) immediately and in no event more than three court days after receiving

13 the subpoena or order. Such notification must include a copy of the subpoena or court

14 order.

15       The Receiving Party also must immediately inform in writing the Party who caused

16 the subpoena or order to issue in the other litigation that some or all the material covered by

17 the subpoena or order is the subject of this Protective Order. In addition, the Receiving

18 Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the

19 other action that caused the subpoena or order to issue. In addition, the Receiving Party

20 may not produce any Protected Material until fifteen days after the Receiving Party has

21 given written notice to the Designating Party, and only if the Designating Party has taken

22 no steps to protect the Protected Material from further disclosure.

23       The purpose of imposing these duties is to alert the interested parties to the existence

24 of this Protective Order and to afford the Designating Party in this case an opportunity to

25 try to protect its confidentiality interests in the court from which the subpoena or order

26 issued. The Designating Party shall bear the burdens and the expenses of seeking

27 protection in that court of its confidential material – and nothing in these provisions should

28 be construed as authorizing or encouraging a Receiving Party in this action to disobey a

7838831_1

1  lawful directive from another court.

2  **9.      UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

3       If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

4  Protected Material to any person or in any circumstance not authorized under this

5  Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the

6  Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all

7  copies of the Protected Material, (c) inform the person or persons to whom unauthorized

8  disclosures were made of all the terms of this Order, and (d) request such person or persons

9  to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as

10  Exhibit A.

11  **10.      FILING PROTECTED MATERIAL**

12       Without written permission from the Designating Party or a court order secured after

13  appropriate notice to all interested persons, a Party may not file in the public record in this

14  action any Protected Material.  A Party that seeks to file under seal any Protected Material

15  must comply with Civil Local Rule 79-5.

16  **11.      FINAL DISPOSITION**

17       Unless otherwise ordered or agreed in writing by the Producing Party, within sixty

18  days after the final termination of this action, each Receiving Party must return all

19  Protected Material to the Producing Party.  As used in this subdivision, "all Protected

20  Material" includes all copies, abstracts, compilations, summaries or any other form of

21  reproducing or capturing any of the Protected Material.  With permission in writing from

22  the Designating Party, the Receiving Party may destroy some or all of the Protected

23  Material instead of returning it.  Whether the Protected Material is returned or destroyed,

24  the Receiving Party must submit a written certification to the Producing Party (and, if not

25  the same person or entity, to the Designating Party) by the sixty day deadline that identifies

26  (by category, where appropriate) all the Protected Material that was returned or destroyed

27  and that affirms that the Receiving Party has not retained any copies, abstracts,

28  compilations, summaries or other forms of reproducing or capturing any of the Protected

7838831_1

1 Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of

2 all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney

3 work product, even if such materials contain Protected Material.  Any such archival copies

4 that contain or constitute Protected Material remain subject to this Protective Order as set

5 forth in Section 4 (DURATION), above.

6 **12.     MISCELLANEOUS**

7        12.1   Right to Further Relief.  Nothing in this Order abridges the right of any

8 person to seek its modification by the Court in the future.

9        12.2   Right to Assert Other Objections.  By stipulating to the entry of this

10 Protective Order no Party waives any right it otherwise would have to object to disclosing

11 or producing any information or item on any ground not addressed in this Stipulated

12 Protective Order.  Similarly, no Party waives any right to object on any ground to use in

13 evidence of any of the material covered by this Protective Order.

14        IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

15

16 DATED:  October 22, 2009                    DUANE &SELTZER, LLP,

17

18                                            By:    /s/  Dean M. Schmidt
                                                    Attorneys for Plaintiff

19

20 DATED:  October 26, 2009                    OGLETREE, DEAKINS, NASH, SMOAK
                                             & STEWART, P.C.,

21

22                                            By:    /s/  Linda S. Goldman
                                                    Attorneys for Defendant Northwest
                                                    Airlines, Inc.

23

24        PURSUANT TO STIPULATION, IT IS SO ORDERED.
                    10/27/09

25 DATED:  _____          _____

26                                           Claudia Wilken
                                             United States District Judge

27

28

1

2

3

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

4      I, _____ [print or type full name], of _____

5   [print or type full address], declare under penalty of perjury that I have read in its entirety

6   and understand the Stipulated Protective Order that was issued by the United States District

7   Court for the Northern District of California on [date] in the case of _____

8   **[insert formal name of the case and the number and initials assigned to it by the**

9   **court]**.  I agree to comply with and to be bound by all the terms of this Stipulated

10   Protective Order and I understand and acknowledge that failure to so comply could expose

11   me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will

12   not disclose in any manner any information or item that is subject to this Stipulated

13   Protective Order to any person or entity except in strict compliance with the provisions of

14   this Order.

15      I further agree to submit to the jurisdiction of the United States District Court for the

16   Northern District of California for the purpose of enforcing the terms of this Stipulated

17   Protective Order, even if such enforcement proceedings occur after termination of this

18   action.

19      I hereby appoint _____ [print or type full name] of

20   _____ [print or type full address and telephone

21   number] as my California agent for service of process in connection with this action or any

22   proceedings related to enforcement of this Stipulated Protective Order.

23

24   Date: _____

25   City and State where sworn and signed: _____

26

27   [Printed Name]                              [Signature]

28

CASE NO. C 04-04444 CW

EXHIBIT A

7838831_1