IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORVILLE MEAUX,<br><br>      Plaintiff,<br><br>  v.<br><br>NORTHWEST AIRLINES, INC., et al.,<br><br>      Defendants.<br>_____/ | No. 04-04444 CW<br><br>ORDER DENYING PLAINTIFF'S MOTION TO VACATE JUDGMENT AND GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE APPEAL (Doc. Nos. 159, 160) |

    Plaintiff Orville Meaux moves, under Rule 60(b)(6) of the Federal Rules of Civil Procedure, to vacate the judgment against him filed on June 1, 2010 on the ground that his prior counsel's representation constituted gross negligence.  Plaintiff also moves for an extension of time to file a notice of appeal, based on his present counsel's excusable neglect.  Defendant Northwest Airlines, Inc. (Northwest) opposes the motions.  The matters were taken under submission on the papers.  Having considered all the papers submitted by the parties, the Court denies the motion to vacate the judgment and grants the motion for an extension of time to file a notice of appeal.

BACKGROUND

    On August 9, 2004, Plaintiff filed a complaint against Northwest for wrongful demotion in 2003 and wrongful discharge in 2004 based on race discrimination, retaliation and harassment under California Government Code §§ 12920, 12921 and 12940 and Title VII of the 1964 Civil Rights Act, 42 U.S.C. §§ 1981 et seq.  On

September 14, 2005, Northwest filed a Chapter 11 bankruptcy petition, which automatically stayed Plaintiff's case against it.

Subsequently, Plaintiff instituted a grievance proceeding against Northwest for wrongful termination under the terms of the Collective Bargaining Agreement (CBA) between Northwest and its employees, which was not stayed by the bankruptcy petition.  The grievance was heard on June 25, 2008 through June 27, 2008 before the Northwest Airlines Flight Attendant System Board of Adjustment (the Board).  The Board affirmed the termination of Plaintiff's employment by Northwest.

On April 29, 2009, Northwest voluntarily asked the bankruptcy court to release Plaintiff's complaint in this case from the bankruptcy stay so that the case could proceed and, on May 18, 2009, the bankruptcy court did so.  On June 3, 2009, Plaintiff's prior counsel filed a new complaint, C 09-2447 CW, charging Northwest with wrongful discharge in breach of the CBA and charging three newly named union Defendants with breach of the duty of fair representation.

On October 19, 2009, the Court granted Northwest's motion to dismiss the new claim for breach of the CBA in the '09 case on the ground that it was barred by Northwest's bankruptcy case. Northwest did not ask for release from the stay for that claim. Subsequently, the Court consolidated the remaining claims against the union Defendants in the '09 case with the employment discrimination claims in this case.

Thereafter, Northwest filed a motion for summary judgment addressing Plaintiff's 2003 unlawful demotion claim and 2004

2

unlawful termination claim based on discrimination, retaliation and harassment.  On February 18, 2010, the Court granted the motion as to Plaintiff's claims of discrimination, retaliation and harassment in his 2004 termination.  The Court denied the motion as to Plaintiff's claim of race discrimination in the 2003 demotion.  The Court also granted summary adjudication that Plaintiff was not entitled to seek punitive damages.

On March 2, 2010, Plaintiff filed a stipulated dismissal of his claims against the union Defendants and a separate stipulated dismissal with prejudice as to Plaintiff's remaining discriminatory demotion claim against Northwest.  On June 1, 2010, judgment was entered in favor of Defendants on all causes of action.  This is the final judgment which Plaintiff moves to vacate.

DISCUSSION

I. Rule 60(b)(6) Motion

Rule 60(b) enumerates the following grounds upon which a motion for relief from an order or judgment may be made:

> 1) mistake, inadvertence, surprise or excusable neglect;
> 2) newly discovered evidence which by due diligence could not have been discovered before the court's decision;
> 3) fraud by the adverse party;
> 4) the judgment is void;
> 5) the judgment has been satisfied; or
> 6) any other reason justifying relief.

A motion for equitable relief made under subparagraph (6) requires a showing that extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment.  Latshaw v. Trainer Wortham & Co., Inc., 452 F.3d 1097, 1103 (9th Cir. 2006).  The moving party must demonstrate injury and circumstances beyond his or her control that prevented proceeding

3

with the action in a proper fashion.  Id.  Courts have held that an attorney's gross negligence resulting in a default judgment or dismissal for failure to prosecute constituted the extraordinary circumstances warranting relief under Rule 60(b)(6).  Id. (citing Community Dental Servs. v. Tani, 282 F.3d 1164, 1169-70 (9th Cir. 2002); Falk v. Allen, 739 F.2d 461, 463 (9th Cir. 1984) (default judgments); see also Lal v. California, 610 F.3d 518, 524-25 (9th Cir. 2010)(dismissal for failure to prosecute).

Plaintiff argues that his situation is similar to those cases where an attorney's gross negligence resulted in a default judgment or a dismissal for failure to prosecute.  He argues that his prior attorney misinformed him about his chances for succeeding on his claims for breach of the duty of fair representation against the union Defendants and the race discrimination claim against Northwest based on his 2003 demotion.  Based on this erroneous advice, he was convinced that the best strategy was to dismiss these claims so that he could proceed with an appeal of the order granting Northwest's motion for summary judgment on his other claims, specifically his wrongful termination claim.  Plaintiff argues that the facts establish that, although it appears that he concurred in the dismissal of these claims, the dismissal was actually an involuntary act akin to a default judgment or dismissal for failure to prosecute.

Plaintiff's argument is unpersuasive.  Although he now regrets dismissing some of his claims, at the time his attorney filed the motions for voluntary dismissal, he apparently concurred with his prior attorney's analysis.  Plaintiff's prior attorney litigated

4

Plaintiff's claims over the course of many years. Plaintiff's voluntary dismissal of some of his claims was not a dismissal of his case, but merely of one relatively minor claim against Northwest and claims against the peripheral union Defendants. This is not similar to the situation in Tani, cited by Plaintiff, where the attorney "virtually abandoned his client by failing to proceed with his client's defense despite court orders to do so" and deliberately deceived his client about his actions or failure to act. Tani, 282 F.3d at 1170-71. Nor is it similar to the situation in Lal, another case Plaintiff cites, where the attorney virtually abandoned his client by failing to make initial Rule 26 disclosures after being ordered by the court to do so, failing to meet and confer and to participate in a joint case management conference after being ordered to do so and failing to attend hearings. 610 F.3d at 525. Furthermore, Lal's attorney deceived his client by telling her that he was filing motions and scheduling depositions for months after the case had been dismissed. Id.

Plaintiff's situation is more like that in Latshaw, where the Ninth Circuit held that a judgment resulting from the client's acceptance of an offer of judgment under Federal Rule of Civil Procedure 68, even if based upon the attorney's grossly negligent conduct, did not constitute grounds for Rule 60(b)(6) relief. 452 F.3d at 1103. Even if his prior attorney's advice was grossly negligent--and Plaintiff provides no convincing evidence or argument it was--the dismissal of Plaintiff's remaining claims is not akin to the total abandonment of representation necessary to warrant relief under Rule 60(b)(6).

5

Therefore, Plaintiff's motion to vacate the judgment is denied.

II. Motion for Extension of Time to File Notice of Appeal

Pursuant to Federal Rule of Appellate Procedure 4(a)(1)(A), a notice of appeal "must be filed with the district clerk within 30 days after the judgment or order appealed from is entered." Moreover, the district court may only extend the time to file a notice of appeal if "a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and . . . that party shows excusable neglect or good cause." Fed. R. App. P. 4(a)(5)(A).

The judgment in this case was entered on June 1, 2010 and the motion for extension of time was filed on July 28, 2010. Because the motion was filed less than thirty days after the time prescribed for filing a notice of appeal, it is timely and the Court may consider it.

Plaintiff's present counsel states that he became counsel of record in this case on June 25, 2010, five days before the notice of appeal should have been filed. Counsel states that he was timely informed by Plaintiff's prior counsel of the filing the judgment and he calendared the July 1, 2010 deadline for filing of the notice of appeal. Counsel states that on or about June 17, 2010, he had discovered that his computer system had been infected with a pernicious virus that completely shut down his computer system, destroyed files and caused the deletion or altering of numerous calendar dates that had been entered into his computer's tickling system. The restoration of his computer system took one

6

week and, it was not until the computer was restored that he slowly became aware of the widespread damage caused by the virus. Counsel states that it was not until July 9, 2010, when he was preparing a motion to withdraw the notice of appeal in the '09 case, that he discovered that the due date for filing the notice of appeal in this case had expired.

Northwest argues that counsel's declaration is deficient for several reasons and implies that counsel is not credible. However, the Court accepts counsel's declaration.

The Court finds that the reasons stated by Plaintiff's counsel for failing to file the notice of appeal within the required thirty days constitutes excusable neglect within the meaning of Federal Rule of Appellate Procedure 4(a)(5)(A) and grants the motion for an extension of time. Plaintiff shall have seven days from the date of this order to file his notice of appeal.

## CONCLUSION

For the foregoing reasons, the Court denies Plaintiff's motion to vacate the judgment (Docket No. 159) and grants his motion for an extension of time to file an appeal (Docket No. 160).

IT IS SO ORDERED.

Dated: 2/22/2011

_____
CLAUDIA WILKEN
United States District Judge